IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANTHONY CURTIS BULLOCK, | ) | Civil Action No. 4:12-3326-TLW |
| | ) | Criminal No. 4:11-416-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Anthony Curtis Bullock. ("Petitioner" or "Defendant"). On March 22, 2011, a federal grand jury returned a single-count Indictment charging Petitioner with being part of a conspiracy to possess with the intent to distribute and to distribute multiple controlled substances in violation of 21 U.S.C. §§ 841 and 846. (Doc. # 3). On September 14, 2011, Petitioner pled guilty to the first and only count of the Indictment. (Docs. # 386 and # 387). Petitioner pled guilty pursuant to a Rule 11(c) plea agreement that called for a term of imprisonment of 18 years. (Doc. # 367). On January 19, 2012, a sentencing hearing was held in which Petitioner was sentenced to the 18 year term called for in the plea agreement. (Docs. # 547 and # 565). On February 1, 2012, Petitioner filed a notice of appeal of his conviction and sentence. (Doc. # 585). By opinion issued September 6, 2012, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and dismissed Petitioner's appeal as it related to his sentence, reasoning that it lacked the jurisdiction to review a sentence that was imposed pursuant to a Rule 11(c) plea agreement. (Doc. # 720).

On November 19, 2012, Petitioner filed the present action pursuant to 28 U.S.C. § 2255. (Doc. # 733). On December 13, 2012, the Government filed its response and moved for summary judgment. (Docs. # 740 and # 741). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed December 14, 2012 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 742). Petitioner filed a timely reply. (Doc. # 748). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at

890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and moved for summary judgment as to all grounds for relief raised by Petitioner. (Docs. # 740 and # 741). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a

matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

In his first ground for relief, Petitioner alleges that his guilty plea was not knowing and voluntary because "he did not think he could be enhanced or would [sic] deemed a Career Offender." (Doc. # 733). In his second, third and fourth grounds for relief, Petitioner alleges that he was sentenced in violation of United States v. Booker, 543 U.S. 220 (2005), insofar as the Court's sentence was greater than necessarily, and that he was inappropriately classified and sentenced pursuant to US Sentencing Guideline 4B1.1 as a career offender, because he is "actually innocent" of being a career offender based upon the Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Doc. # 733, Points 2-4). The Government responds, in turn, that because Petitioner was sentenced pursuant to a Rule 11(c) plea agreement none of the above issues and allegations were even relevant to his sentencing. (Doc. # 740).

As the Fourth Circuit noted in its opinion affirming Petitioner's conviction, "[a] sentence imposed pursuant to a Rule 11(c)(1) plea agreement cannot be the result of an incorrect application of the [US Sentencing] Guidelines because the agreement is contractual and not based upon the Guidelines." (Doc. # 720, citing United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005)). Petitioner's four asserted grounds for relief in this § 2255 application are all based on an allegation that Petitioner was unlawfully sentenced in violation of the Guidelines. However, that is simply inaccurate. Petitioner was sentenced to 18 years imprisonment pursuant to his contractual agreement with the Government. He has therefore not presented any grounds upon which this Court can conclude that he is entitled to relief or resentencing.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 733) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 741).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.


February 26, 2013                                         s/Terry L. Wooten
Florence, South Carolina                          United States District Judge