IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Curtis Bullock, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:11-cr-00416-TLW-3 <br> C/A No. 4:15-cv-04212-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of the pro se motion entitled "Motion for Immediate Release, Rule 55 and Rule 2, § 2255 and FRCP 35" filed by Petitioner Anthony Curtis Bullock. Because this motion challenges his underlying conviction and sentence, the Court construes this motion as a petition for relief pursuant to pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge, and the Court sentenced him to 216 months pursuant to a Rule 11(c)(1)(C) agreement. He filed a direct appeal and the Fourth Circuit affirmed in part and dismissed the appeal in part. *United States v. Bullock*, 493 F. App'x 457 (4th Cir. 2012).

On November 19, 2012, Petitioner filed a § 2255 petition. ECF No. 733. After briefing, the Court denied the petition on the merits. ECF No. 751. He filed a direct appeal, but the Fourth Circuit dismissed the appeal for failure to prosecute. ECF No. 7671.

Petitioner filed the instant § 2255 petition on October 9, 2015,[1] asserting various grounds for relief. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II.     Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

motion.  As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'  28 U.S.C. § 2244(b)(3)(A).  This he has not done.").

## III.  Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 927, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u><br>
Terry L. Wooten<br>
Chief United States District Judge

October 15, 2015
Columbia, South Carolina